IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02988-RTG

GARIBALDI RODRIGUEZ BRYAN,

Petitioner,

v.

JUAN BALTAZAR, Director of Detention Center,
ROBERT HAGAN, Director of Local ICE Office, and
TODD LYONS, ICE Director,

Respondents.

---

**ORDER OF DISMISSAL**

---

Petitioner Garibaldi Rodriguez Bryan initiated this action when he was a federal immigration detainee, detained at the ICE Aurora Contract Detention Facility in Aurora, Colorado. On July 2, 2026, he filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1). He also submitted a "Detainee Property Release Form." (*see* ECF No. 1-2).

On July 9, 2026, Magistrate Judge Richard T. Gurley ordered Petitioner to cure certain designated deficiencies if he wished to pursue any claims in this action. (ECF No. 3). Specifically, the Court directed Petitioner to either pay the $5.00 filing fee or submit an *in forma pauperis* motion on the court-approved form, along with the required information. (*Id.*). He was warned that if he failed to cure the deficiencies within the time allowed, the action would be dismissed without further notice. (*Id.*). However, the

Court's July 9, 2026 Order also included an incorrect statement that Petitioner had paid filing fee. (*See* ECF No. 3 at 1).

Petitioner did not cure the deficiencies as directed within the time allowed, and he did not communicate with the Court in any way following the Court's July 9, 2026 Order. However, as the Court's July 9, 2026 Order included conflicting statements (as to whether Petitioner had paid the filing fee), on August 18, 2026, the Court issued a Second Order Directing Petitioner to Cure Deficiencies (ECF No. 4). Petitioner was given one final opportunity to cure the deficiency by either paying the $5.00 filing fee or submitting an *in forma pauperis* motion on the court-approved form, along with the required information. (*Id.*). He was warned that if he failed to cure the deficiencies within the time allowed, the action would be dismissed without further notice. (*Id.*).

The Court's August 18, 2026 Order, which was sent to Petitioner at the ICE Aurora Contract Detention Facility, was returned to the Court by the United States Postal Service as undeliverable. (ECF No. 5). A sticker on the returned envelope states: "RETURN TO SENDER[;] ATTEMPTED – NOT KNOWN[;] UNABLE TO FORWARD" (*Id.*). A handwritten note on the returned envelope states: "Released!!" (*Id.*).

Petitioner has failed to cure the deficiencies as directed within the time allowed, and he has failed to communicate with the Court in any way following the Court's July 9, 2026 and August 18, 2026 Orders. Therefore, the action will be dismissed without prejudice for failure to cure the deficiencies and failure to prosecute.

Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2241 (ECF No. 1) and this action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to cure the deficiencies and failure to prosecute. It is

FURTHER ORDERED that the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied without prejudice for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal, he must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this 23rd day of September, 2026.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court